UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| DALLAS BUYERS CLUB, LLC, a Texas Limited Liability Company, | Case No. 6:15-cv-221-AC |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| DOE-67.170.167.29, | |
| Defendant. | |

ACOSTA, Magistrate Judge:

*Introduction*

Plaintiff Dallas Buyers Club, LLC. ("Dallas"), moves for an order finding Julia Baldino ("Baldino") in contempt of a court order directing Baldino to participate in a non-party deposition pursuant to Rule of the Federal Rules of Civil Procedure ("Rule 45"). Dallas seeks sanctions pursuant to Rule 37 of the Federal Rules of Civil Procedure ("Rule 37"). Specifically, Dallas asks the court to find Baldino liable for the claims alleged by Dallas.

The court finds Baldino substantially violated a clear, specific court order requiring Baldino to attend and participate in a non-party deposition pursuant to Rule 45. The court finds Baldino in contempt under Rules 37 and 45, but under those rules the court is limited in the sanctions it may impose against a nonparty. Accordingly, the awards Dallas reasonable expenses, including attorney fees, incurred in seeking compliance with the court order.

*Background*

Dallas initiated this action on February 8, 2015, against a Doe defendant known only through an Internet Protocol Address ("IPA"). Dallas alleges an individual used the IPA to copy and publish their motion picture, Dallas Buyers Club (the "Movie"), on December 18, 2014, via a BitTorrent client. Accordingly, Dallas alleges the defendant willfully infringed its exclusive rights under the Copyright Act. Dallas also alleges the conduct of the defendant has and will continue to cause harm to Dallas unless the infringed activity is enjoined.

On February 9, 2015, the court granted an *ex parte* motion to expedite discovery filed by Dallas to determine the identity of the account holder assigned the IPA used by the infringer. Comcast identified Baldino as the subscriber associated with the IPA. In late March 2015, Dallas mailed two letters to Baldino at the address provided by Comcast – 188 N. Jefferson Alley, Eugene, Oregon, 97402 – informing Baldino of the lawsuit, her identification as subscriber of the IPA and requesting her cooperation in identifying the infringer. (Crowell Decl. dated August 24, 2015 ("August 24th Crowell Decl.") ¶4; Supplemental Filing ("Supp. Filing") Ex. 3, 3a.) The letters "were returned unopened with the hand-written notation, 'Return to Sender Does Not Live Here!'." (August 24th Crowell Decl. ¶ 4.)

Upon further investigation, Dallas identified Baldino's place of employment and contacted

her at work by telephone. (August 24th Crowell Decl. ¶ 5.) Baldino confirmed she was properly identified as the subscriber associated with the IPA but represented she was not the infringer and no longer lived at the address. (August 24th Crowell Decl. ¶ 5.) Baldino refused to identify any other individual residing at the address or provide any other information with regard to the infringer or the infringing activity. (Crowell Decl. ¶ 5.) Baldino also requested Dallas not contact her by telephone at her place of employment but refused to provide any alternative contact information. (August 24th Crowell Decl. ¶ 5.) Dallas subsequently attempted to contact Baldino by letter at her employer's address with no response. (August 24th Crowell Decl. ¶ 6.)

On May 6, 2015, the court granted Dallas's motion for leave to issue a Rule 45 subpoena allowing Dallas to depose Baldino on matters related to access to, and use of, the IPA (the "May Order"). Dallas's multiple attempts to personally serve Baldino with the Rule 45 subpoena at her place of employment were unsuccessful. (Crowell Decl. dated May 21, 2015 ("May 21st Crowell Decl.") ¶ 5.) Baldino's co-workers were "very uncooperative," refusing to confirm or deny Baldino's employment. (May 21st Crowell Decl. ¶ 5.) On May 22, 2015, the court granted Dallas's motion to permit alternative service of the Rule 45 subpoena on Baldino, including service by United States Mail or Federal Express.

Dallas accomplished service of the Rule 45 subpoena on Baldino at her employer's address by United States Mail on June 2, 2015. (Crowell Decl. dated June 12, 2015 ("June 12th Crowell Decl.") ¶ 6, Exs. 1, 2.) The Rule 45 subpoena, and an accompanying letter, advised Baldino of her deposition scheduled on June 12, 2015, at 1:30 p.m. at the offices of Dallas's legal counsel in Salem, Oregon. (June 12th Crowell Decl. ¶ 8.) Baldino did not appear for her deposition. (June 12th Crowell Decl. ¶ 8.) Dallas immediately moved for an order compelling Baldino to respond to the

Rule 45 subpoena and allowing service of such order by United States Mail. After providing Baldino time to respond to Dallas's motion and not receiving any response, the court granted Dallas's motion by minute order on July 20, 2015, directing "Julia Baldino of Corvallis to respond to plaintiffs subpoena for a FRCP 45 deposition. . . " (the "July Order").

Dallas mailed a copy of the court order compelling her attendance at a Rule 45 deposition to Baldino at her place of employment on July 20, 2015. (August 24th Crowell Decl. ¶ 5.) In an accompanying letter, Dallas indicated a desire to complete the deposition within twenty-eight days and asked Baldino to contact Dallas's legal counsel to schedule the deposition. (August 24th Crowell Decl. Ex. 1.) On July 28, 2015, having received no response to the July, 20, 2015 letter, Dallas mailed to Baldino, again at her place of employment, a Rule 45 subpoena setting a deposition date of August 19, 2015, at 3:30 p.m. and a letter offering to reschedule the Rule 45 deposition based on Baldino's availability. (August 24th Crowell Decl. Ex. 2.) Dallas asked Baldino to contact its legal counsel by telephone or email with her available dates and advised Baldino "[s]hould you fail to appear or cooperatively reschedule I will be forced to move for sanctions." (August 24th Crowell Decl. Ex. 2.) Baldino did not attempt to reschedule her Rule 45 deposition and did not appear for the deposition scheduled on August 19, 2015. (August 24th Crowell Decl. ¶ 13.)[1]

Dallas filed their motion for order to show cause seeking Rule 37 sanctions on August 24, 2015. On August 27, 2015, the court set a show cause hearing for September 21, 2015, at 10:00 a.m. and mailed a copy of the order to Baldino at her place of employment. On September 10, 2015, James E. Geringer filed a notice of appearance on behalf of Baldino. Baldino appeared for her Rule

---

[1] Dallas's legal counsel received two or three phone messages from an individual claiming to be Baldino leaving out-of-state phone numbers. (August 24th Crowell Decl. ¶ 14.) Attempts to reach Baldino at these phone numbers were unsuccessful. (August 24th Crowell Decl. ¶ 14.)

45 deposition on September 18, 2015.

At her deposition, Baldino admitted to being the subscriber for the IPA at issue but denied downloading the Movie. (Baldino Dep. 12:6-17; 19:12-20:15.) She provided the names of current and past roommates, and those residing in the lower apartment in the last eighteen months, all of whom used the IPA during the relevant period. (Baldino Dep. 7:8-8:4; 8:13-9:3; 15:10-16:7.)

Baldino identified her current address as 188 North Jefferson Alley, Eugene, Oregon, and represented she has lived there since March 2014. (Baldino Dep. 6:11-15.) She acknowledged receiving the March 2015 letters from Dallas and directing her roommate to write "return to sender, does not live here" on the envelope. (Baldino Dep. 26:12-27:12.) Baldino explained she knew the letter came from a lawyer, but she did not know what the letters were for and did not want anything to do with a lawyer. (Baldino Dep. 27:13-15.) Baldino confirmed Dallas had her correct work address, she received mail from Dallas at that address, and she has unopened letters from Dallas which she received at work. (Baldino Dep. 28:20-30:5.) She represented she rarely looks in her mailbox at work and it is quite possible some of Dallas's letter are still there. (Baldino Dep. 34:7-14.) Baldino was told a process server attempted to serve her at work but when she contacted him by telephone, he indicated he did not have anything for her. (Baldino Dep. 32:3-17.)

Baldino testified she received the Rule 45 subpoena served June 2, 2015, when she returned from a two-week vacation on June 22, 2015 (Baldino Dep. 32:18-24; 33:5-6.) On two occasions, Baldino called Dallas's counsel after receiving a letter and left a message and return phone number but never spoke to anyone about rescheduling her Rule 45 deposition. (Baldino Dep. 36:23-37:13.) She did not attempt to contact Dallas's counsel by letter or email. (Baldino Dep. 37:16-23.) Baldino received letters from the court and Dallas in her mail box at work directing her to appear

at a hearing but did not open them until after the August 19, 2015, date had passed. (Baldino Dep. 39:3-40:3; 42:20-25.) Baldino explained she ignored this matter because "I just wanted it to go away because I didn't do anything. I didn't want to be involved in this because I didn't do anything and I don't know who did." (Baldino Dep. 43:7-13.)

*Legal Standard*

Both Rule 37 and Rule 45 provide that a party ordered by the court to appear and participate in a deposition may be held in contempt of court for failure to do so. Rule 37 provides:

> If the court where the discovery is taken orders a deponent to be sworn or to answer a question and the deponent fails to obey, the failure may be treated as contempt of court. If a deposition-related motion is transferred to the court where the action is pending, and that court orders a deponent to be sworn or to answer a question and the deponent fails to obey, the failure may be treated as contempt of either the court where the discovery is taken or the court where the action is pending.

FED. R. CIV. P. 37(b)(1) (2015). Rule 45 similarly provides:

> The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

FED. R. CIV. P. 45(g) (2015).

Contempt proceedings are initiated with an order to show cause why a contempt order should not be issued. *Alcade v. NAC Real Estate Invs. & Assignments, Inc.*, 580 F. Supp. 2d 969, 971 (C.D. Cal. 2008). The order setting forth the date of the show cause hearing must be served on the parties to the action, as well as the offending nonparty. *Id.*; *Fisher v. Marubeni Cotton Corp.*, 526 F.2d 1338, 1342 (8th Cir. 1957) (civil contemnor is entitled to due process right of proper notice).

The Ninth Circuit recognizes civil contempt proceedings as "a trial within the meaning of Fed.R.Civ.P. 43(a) rather than a hearing on a motion within the meaning of Fed.R.Civ.P 43(e)."

*Hoffman v. Beer Drivers and Salesman's Local Union No. 888*, 536 F.2d 1268, 1277 (9th Cir. 1976). As such, the issues may not be tried solely on the basis of affidavits, but require oral testimony on controverted facts. *Id*.

To prevail on a request for a finding of civil contempt, the moving party must show, by clear and convincing evidence, the alleged contemnors violated a direct and specific court order. *Go-Video, Inc. v. Motion Picture Ass'n of Am.*, 10 F.3d 693, 695 (9th Cir. 1993). The burden then shifts to the contemnors to demonstrate why they were unable to comply with such order. *Federal Trade Comm'n v. Affordable Media*, 179 F.3d 1228, 1299 (9th Cir. 1999). While the contempt need not be willful, a person should not be held in contempt if he acted in good faith and on a reasonable interpretation of the court order. *Go-Video*, 10 F.3d at 695. Substantial compliance with a court order is a defense to a contempt action where the alleged contemnor took all reasonable steps within their power to comply. *Id*.; *Stone v. City of San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992). The inability of an individual to comply with a subpoena constitutes an "adequate excuse" under Rule 45 and is a complete defense to a contempt charge. *Fisher*, 526 F.2d at 1342.

In addition to a finding of contempt, the court may award the party seeking to compel a nonparty's attendance at a deposition reasonable expenses, including attorney fees, incurred with regard to the motion to compel. *Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492, 494 n.4 (9th Cir. 1983); *General Ins. Co. of Am. v. Eastern Consol. Utilities, Inc.*, 126 F.3d 215, 220 (3rd Cir. 1997)(district court did not abuse discretion in awarding expenses and attorney fees caused by failure to comply with court order). Rule 37(a), which authorizes a party to seek a court order compelling disclosure or discovery, provides that if such order is granted:

> the court must, after giving an opportunity to be heard, require the

>    party or deponent whose conduct necessitated the motion, the party
>    or attorney advising that conduct, or both to pay the movant's
>    reasonable expenses incurred in making the motion, including
>    attorney's fees. But the court must not order this payment if:
>
>    (i)   the movant filed the motion before attempting in good faith to obtain the
>          disclosure or discovery without court action;
>
>    (ii)  the opposing party's nondisclosure, response, or objection was substantially
>          justified; or
>
>    (iii) other circumstances make an award of expenses unjust.

FED. R. CIV. P. 37(a)(5)(A) (2015). Whether or not a violation justifies imposition of sanctions under Rule 37 is largely "left to the discretion of the trial court." *Liew v. Breen,* 640 F.2d 1046, 1050 (9th Cir. 1981) (citing *National Hockey League v. Metro. Hockey Club*, 427 U.S. 639, 642 (1976)).

*Discussion*

Dallas has established, by clear and convincing evidence, the existence of a clear and specific court order and Baldino's substantial violation of such order.[2] The July Order compelled Baldino to respond to Dallas's Rule 45 subpoena. Baldino did not respond to Dallas's request for dates convenient to Baldino, did not attend the deposition subsequently scheduled by Dallas for August 19, 2015, did not request the depositions be rescheduled, did not object to the deposition and, in fact, did not respond in any meaningful way to the July Order or the Rule 45 subpoena.

The July Order mistakenly identified Baldino as residing in Corvallis, Oregon, rather than Eugene, Oregon. However, Dallas's underlying motion and the subsequently issued Rule 45 subpoena correctly identified Baldino's former residence and her place of employment in Eugene,

---

[2] Baldino did not appear at the show cause hearing. As a result of Baldino's actions, the court was unable to consider live testimony. However, the court did consider Baldino's deposition testimony, which is adequately comparable to live testimony to support a finding of contempt under Rule 43.

Oregon, and Baldino was served by mail in Eugene, Oregon. Any possible confusion created by the Order was remedied by Dallas's actions. Furthermore, the May Order authorizing Dallas to issue the initial Rule 45 subpoena constitutes a court order which, in the event of noncompliance, may support a finding of contempt. *See Pennwalt*, 708 F.2d at 495 n.5 (a Rule 45 subpoena is a court order which, unless objected to pursuant to Rule 45(d), may warrant contempt sanctions in the event of noncompliance).

At the show cause hearing, Baldino's counsel argued Dallas did not properly serve Baldino with the Rule 45 subpoenas and should not be held in contempt for failing to comply with them. The Rule requires a subpoena be served by someone at least eighteen years old and not a party. FED. R. CIV. P. 45(b)(1) (2015). Further, [s]erving a subpoena requires delivering a copy to the name person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law."[3] FED. R. CIV. P. 45(b)(1).

The record shows Baldino's affirmative actions deprived Dallas of the ability to personally serve the Rule 45 subpoenas on Baldino. Baldino falsely represented to Dallas that she did not live at 188 North Jefferson Alley, thereby preventing Dallas from personally serving her at her residence. Dallas then attempted personal service at Baldino's place of employment, but was blocked from doing so by Baldino's co-employees. While Baldino testified she contacted the process server, because such contact was long delayed, the process server no longer had the documents. On May 22, 2015, the court granted Dallas's motion to "permit alternative or mail FRCP 45 service" on Baldino.

---

[3]After completing her September 18, 2015 deposition, Baldino cashed a check from Dallas dated June 1, 2015. (Supp. Filing Ex. B.)

Subsequently, Dallas served Baldino through the United States Mail. Baldino admitted she received both Rule 45 subpoenas and the July Order compelling her attendance at the latter deposition. Baldino also admitted she intentionally ignored the mail from Dallas with the hope the problem would go away. Dallas should not be punished for, and Baldino should not prosper from, her deliberate decision to thwart Dallas's attempts to serve her in its efforts to identify the infringer in this action.

The court finds the May Order and July Order (the "Orders") clearly and specifically directed Baldino to attend and participate in the scheduled Rule 45 depositions. Dallas served Baldino with the Orders and Rule 45 subpoenas by United States Mail, after receiving permission from the court to do so, and Baldino received the Orders and Rule 45 subpoenas. Baldino substantially violated the Orders by refusing to appear and participate in the depositions or respond to the Rule 45 subpoenas in any meaningful way.

Baldino has failed to meet her burden of establishing, by clear and convincing evidence, she was unable to comply with the Orders or that she acted in good faith on a reasonable interpretation of the Orders. While Baldino testified she did not read the Orders in time to attend the Rule 45 depositions, the Orders and Rule 45 subpoenas were delivered to her place of business and were available to her well before she decided to open and read them. Baldino's inability to comply with the Order was of her own making. Accordingly, Dallas is entitled to a finding Baldino is in contempt of court based on her failure to comply with the directions contained in the Orders.

As a sanction for her contempt, Dallas asks the court to enter a liability finding against Baldino under Rule 37(b)(2). The Rule applies only to "a party or a party's officer, director, or managing agent – or a witness designated under Rule 30(b)(6) or 31(a)(4)" and is, therefore,

inapplicable to a nonparty. *See Pennwalt*, 708 F.2d at 495 n.5 ("Rule 37(b)(2) permits the main forum to impose sanctions on a party who violates a court order.") Dallas is not entitled to any of the sanctions identified in Rule 37(b)(2), including the requested finding of liability. However, Rule 37(a) authorizes a party to seek a motion to compel discovery when a deponent fails to meaningfully participate in a scheduled deposition and directs the court to award reasonable expenses incurred in making the motion to compel if such motion is granted; provided the movant attempted in good faith to obtain the requested discovery before filing the motion, the failure to provide the discovery was unjustified, and the circumstances justify an award of expenses. Rule 37(a) applies to Dallas's motion to compel Baldino's attendance at a Rule 45 deposition and authorizes the court to award Dallas reasonable expenses incurred in making such motion, if otherwise appropriate under the statute. *See Pennwalt*, 708 F.2d at 495 n.5 (Rule 37(a), which authorizes an award of expenses for a successful motion to compel, applies to motions to compel nonparties to attend depositions).

In the July Order, the court granted Dallas's motion to compel Baldino's attendance at a deposition. Dallas attempted to depose Baldino in good faith prior filing the motion to compel, Baldino's refusal to participate in the deposition on August 19, 2015, was not substantially justified, and the circumstances before the court justify an award of expenses under Rule 37(a). Accordingly, the court finds an award of reasonable expenses incurred by Dallas in seeking to compel Baldino's attendance at, and participation in, the August 19, 2015, is appropriate.

*Conclusion*

The court finds Baldino substantially violated the Orders and is in contempt of court. The court further finds Dallas is entitled to recover costs reasonably incurred with regard to its successful motion to compel Baldino's deposition testimony. Dallas is directed to file an itemization of the

expenses, including attorney fees, incurred with regard to the July Order within thirty days of the date of this Opinion.

DATED this 13th day of October, 2015.

          /s/ John V. Acosta
          JOHN V. ACOSTA
     United States Magistrate Judge